420     BACK *v.* SIERRA NEVADA CON. MIN. CO.     [Sup. Ct.

(February 27, 1888.)

# BACK v. SIERRA NEVADA CONSOLIDATED MINING COMPANY.

### [17 Pac. 83.]

MINING TUNNEL—RIGHTS OF LOCATOR—CLAIMS LOCATED ON LINE OF TUNNEL—DILIGENCE OF TUNNEL OWNER.—A tunnel located and run for the development of veins or lodes, pursuant to the provisions of section 2323 of the Revised Statutes of the United States, becomes a mining claim, and entitles the owner thereof to make an adverse claim against one claiming to locate upon the line of the tunnel, and while the same was being prosecuted with reasonable diligence, such tunnel owner is entitled to proceed under the provisions of section 2326 of the Revised Statutes of the United States.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

W. B. Heyburn, for Appellant.

Persons rightfully in possession of the surface are adverse claimants, and have an adverse claim, within the meaning of the law, and are entitled to be heard in the local courts before patent is issued. (*Shafer v. Constans,* 3 Mont. 369, 1 Morr. Min. Rep. 149.)

F. Ganahl and Albert Hagan, for Respondent.

Since the passage of the act of 1872 the location of a mining claim, or rather of a lode mining claim, is the location of a piece of land with all the veins it may contain. (*Gleeson v. Mining Co.,* 13 Nev. 442, and cases cited; 9 Morr. Min. Rep., tit. "Location," p. 429 et seq.) There is no provision of law for patenting tunnel locations, but such lodes as are discovered in running a tunnel may be patented with a full compliance with the law. (Week's Mineral Lands, p. 112, sec. 65.)

HAYS, C. J.—This is an appeal from the judgment of the district court of the first judicial district of Idaho territory, in and for Shoshone county, rendered on failure of plaintiff to amend the complaint after demurrer thereto was sustained, the plaintiff having elected to stand on the complaint as filed.

The action is one brought in support of an adverse claim filed in the United States land office against the issuance of a patent for the Sierra Nevada lode mining claim, said adverse claim being made on behalf of the Pilgrim tunnel location made under the provisions of section 2323 of the Revised Statutes of the United States. At the time of filing the adverse claim and the complaint in this action, the Sierra Nevada lode mining claim was owned by the respondent, a corporation, and the said tunnel location was owned by the appellant. During the period of publication of the application of the Sierra Nevada claim the appellant filed an adverse claim, accompanied by a map made from actual survey, showing the relative position of the said mining claim and tunnel location, in the United States land office in the district in which said claims were situated, and in which application for patent of said claim was filed, and said adverse claim was duly allowed by the register of said land office, and within thirty days after so filing said adverse claim appellant filed his complaint in an action brought in support thereof in the district court aforesaid. Respondent appeared and demurred to said complaint on the grounds hereinafter stated.

Appellant in his complaint alleges that one Phillip Kirby, a citizen of the United States, on April 5, 1886, located a tunnel site under the provisions of section 2323 of the Revised Statutes of the United States, three thousand feet in length, in the Yreka mining district, Shoshone county, Idaho territory, and that at the time of making such location he marked the line thereof by planting posts at every one hundred feet along the said line, each post being plainly marked "Pilgrim Tunnel Line," and that he posted a notice of the location of said tunnel at the face thereof; that he had cut out trails to said tunnel, three miles in length, and had cut out said tunnel six feet wide and six feet high, and run the same four feet under cover, prior to said location and during said month of April; that on April 12, 1886, said Kirby appeared before the recorder of the mining district in which said tunnel was located, and made the affidavit required by the regulation of the general land office, and the same was duly attached to a copy of the notice of location posted at the face of said tunnel, and said copy of notice

and affidavit were on said twelfth day of April, 1886, filed in the office of said recorder, and have there remained; and said notice and affidavit were afterward, on the sixteenth day of April, 1886, recorded in the office of the recorder of Shoshone county; that said Kirby and his grantee, the plaintiff, have continuously and diligently prosecuted the work of running said tunnel along the line as marked out ever since said fifth day of April, 1886; that at the time of making the location of said tunnel there were no known ledges existing or cropping along the course of said tunnel location as the same was located and marked on the ground; nor were there any known ledges that crossed said tunnel location in their course or trend; nor were there any ledges previously known to exist, or which crossed said tunnel location at the time of its location; that after said tunnel had been located as aforesaid, to wit, on April 6, 1886, defendant's grantors entered upon the line of said tunnel location, at a point where post No. 9 on said line was planted, and with full knowledge of the existence of said post, and the location of said tunnel, commenced to prospect for minerals, and in so prospecting sunk a shaft through the loose surface and slide earth and rock to a depth of twelve feet before entering upon any solid formation or rock in place; that at or near the place where the shaft was so sunk there was no lode or ledge of valuable mineral-bearing rock previously known to exist, nor did any such crop or show upon the surface of the ground; that at or about said depth of twelve feet in said shaft a ledge of valuable mineral-bearing rock was discovered by said grantors of defendant; that said discovery was made on and within the line of the said tunnel location while the same was being actively occupied and diligently worked; that said lode or ledge is, and was at the time of striking the same in said shaft, a blind lead or lode on the line of said tunnel; that the tunnel, on being continued in its present course on the located line thereof, would cut and intersect the said lode on its dip within the length and locaton of said tunnel; that said grantors of defendant located and recorded a mining claim based upon their said discovery, and called said claim the "Sierra Nevada"; that defendant, claiming to be the grantee of said locators, did on May 23, 1887, make application for

United States patent for said claim, and filed its application for patent in the United States land office at Cœur d'Alene, Idaho, and afterward caused notice of said application to be published, as required by law, and during period of said publication the plaintiff filed a protest and adverse claim in said land office against the issuance of a patent for said claim on behalf of said tunnel location, and within thirty days after filing such protest and adverse claim commenced the action in the district court of the county in which said claim and tunnel location is situated; that the plaintiff was and is by virtue of certain conveyances duly made the grantee of Phillip Kirby, the locator of said tunnel location; that he is now, and intends to continue, diligently running said tunnel along the line of said tunnel site, and in the direction of said lode so discovered and called the "Sierra Nevada," for the purpose of intersecting and cutting the same, and that he intends, when the same shall have been so intersected, to locate the same according to the provisions of section 2323 of the Revised Statutes of the United States; that the ground upon which the discovery of the said lode was made by defendant's grantors was not vacant and unoccupied public mineral lands of the United States at the time of such discovery and location, and that such location was void; and prays the court to adjudge that the location of the Sierra Nevada mining claim was null and void. To which complaint the respondent demurred, and alleged as grounds of demurrer: "That the plaintiff herein has not legal capacity to sue in this action; that it does not appear from said complaint that the plaintiff has any right, interest or adverse claim upon which he can base an action against the Sierra Nevada Mining Company, by reason of its application for a patent herein; that he is not the owner of any lode, vein or surface ground, by location or otherwise, authorizing him to file any adverse claim herein, or to maintain any action upon any pretended adverse claim." "2. That the said complaint does not state facts sufficient to constitute a cause of action." It is contended that the court erred in sustaining the demurrer, and a reversal of the judgment entered therein is now asked.

We have the light of but few adjudicated cases to aid us in an investigation of this subject. We are satisfied, however, from an examination of the provisions of section 2323 of the

Revised Statutes of the United States, that it was the intention of Congress that rights might be secured to all such as should run tunnels for the development of a vein or lode pursuant to its provisions, and to aid in securing such rights it was there enacted that "locations on the line of such tunnel of veins or lodes not appearing on the surface, made by other parties after the commencement of the tunnel, and while the same is being prosecuted with reasonable diligence, shall be invalid." It seems evident from this enactment that Congress intended to withdraw from exploration for lodes not appearing on the surface so much of the public domain as lay upon the line of such tunnel and to reserve such for the benefit of the proprietor of the tunnel so long as he prosecuted work thereon with reasonable diligence, and to give to him the right of possession for this purpose. True, the act does not so state in direct terms, but this is the effect of its provisions, and any other construction would but imperfectly protect the rights of the proprietor of the tunnel. The rights of the tunnel locator being created by statutory enactment, the courts should be therefore clothed with power to protect such rights, and we are unable to see how they can be fully protected but by permitting such locator to avail himself of the provisions of section 2326. Doubtless it was the legislative will that he should have such privilege. Such being the case, we must hold that a tunnel location constitutes a mining claim within the meaning of the statute, as was held by Commissioner Kirkwood in his opinion of December 12, 1881 (Dec. Dep. Int. 594), and that it is such a claim as may be asserted and protected under the provisions of section 2326 of the Revised Statutes of the United States, and the act amendatory thereof. While this appellant would have no right under his complaint to have a patent issued to him since he does not claim to have discovered any vein or lode, yet we think he has the right of possession for prospecting purposes to the area in dispute, and to show that respondent's location was made upon the line of his tunnel. The act of March 3, 1881, provides what shall be done when neither party shows title to the ground in conflict.

The judgment of the district court is therefore reversed, and the cause remanded for further proceedings according to law.

Buck and Broderick, JJ., concur.